**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BINGWEI LIU, | No. 14-72141 |
| Petitioner, | Agency No. A088-116-463 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 8, 2016
Pasadena, California

Before: MURPHY,[**] PAEZ, and NGUYEN, Circuit Judges.

Bingwei Liu, a native and citizen of China, petitions for review of the

order of the Board of Immigration Appeals ("BIA") dismissing his appeal

from an immigration judge's decision denying his application for asylum

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals, Tenth Circuit, sitting by designation.

and withholding of removal. This court has jurisdiction under 8 U.S.C. § 1252, and we review the BIA's determination for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). To prevail on appeal, Liu must show the record not only supports, but compels the conclusion that the findings and decision of the BIA are erroneous. *Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998). We deny the petition in part, grant it in part, and remand to the BIA for further proceedings.

Liu's application alleged past and future persecution based on both political opinion and religion. His political-opinion asylum claim was based on his opposition to China's family planning policy. Having reviewed the record in its entirety, we conclude it does not compel the conclusion that any economic harm Liu suffered when the government terminated his family's land lease rose to the level of persecution. *Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004) ("[M]ere economic disadvantage alone does not rise to the level of persecution."). Substantial evidence supports the BIA's determination that Liu is not entitled to asylum based on past persecution for his political beliefs.[1]

_____

[1] To be entitled to withholding of removal, a petitioner must demonstrate "it is more likely than not" that his life or freedom would be threatened by persecution based on his race, religion, nationality,

(continued...)

As to Liu's asylum claim based on his religious beliefs, the totality of the circumstances compels the conclusion Liu suffered past persecution on account of his Christian religion. *See Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998) ("The key question is whether, looking at the cumulative effect of all the incidents a petitioner has suffered, the treatment she received rises to the level of persecution."). Liu was arrested by Chinese authorities while attending Christian services at a home church. He was held at gunpoint, handcuffed, and transported to a detention facility. On the first day of his detention, Liu was physically assaulted by police officers during an interrogation. He was also instructed to stand motionless with his face against a wall and was struck with a baton when he moved. During a second interrogation, Liu was hit with a baton when he refused to provide the names of other members of his church. Liu was interrogated a third time and beaten when he refused to plead guilty. Liu remained in detention for seventeen days. He was released only after he

_____

[1](...continued)
membership in a particular social group, or political opinion. *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001). This standard is more stringent than the "well-founded fear" standard governing asylum claims. *Al-Harbi v INS*, 242 F.3d 882, 888-89 (9th Cir. 2001). Because Liu is not entitled to asylum on his political opinion claim, he is also not entitled to withholding of removal on that claim. *See Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000).

signed a forced confession and paid a fine. *See Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004) (holding a finding of persecution was compelled in a situation where petitioner was detained for a day and a half, physically assaulted, and coerced into signing an affidavit promising not to practice Christianity).

Because Liu established past persecution, he is entitled to a rebuttable presumption that he has a well-founded fear of future persecution on the basis of his religion, and the evidentiary burden shifts to the government to rebut the presumption. *See Ahmed v. Keisler*, 504 F.3d 1183, 1197 (9th Cir. 2007); 8 C.F.R. § 208.13(b)(1). Accordingly, we remand for the BIA to decide in the first instance whether the government can meet its burden to rebut the presumption. *See INS v. Ventura*, 537 U.S. 12, 16–18 (2002) (per curiam).

**DENIED** in part, **GRANTED** in part, and **REMANDED** for further proceedings.

The parties shall bear their own costs on appeal.